Lawson v. State.

3L 309
14L 467
14L 474

### EDWARD LAWSON v. THE STATE.

CRIMINAL LAW. *Perjury. Indictment.* An indictment for perjury is sufficient which sets out the court in which the alleged false oath was taken, that the oath was administered by a person authorized, and that describes the judicial proceedings in which the oath was taken and testimony given, and that the matter alleged to be false was material.

### FROM JEFFERSON.

Application for writ of error to the Circuit Court of Jefferson county.   J. G. ROSE, J.

The indictment in this case was as follows:

State of Tennessee, } Circuit Court, April Term, 1877,
County of Jefferson.

The Grand Jurors for the State of Tennessee, having been duly summoned, elected, impanelled, sworn, and charged to inquire for the body of the county aforesaid, upon their oath aforesaid, present that Edward Lawson, late of said county, laborer, on the 10th day of December, eighteen hundred and seventy-six, in the State and county aforesaid, feloniously, willfully, maliciously, deliberately, absolutely and corruptly swore falsely to a certain matter as follows, before the Grand Jury of the Circuit Court then and there being held for the county and State aforesaid, by the Hon. James G. Rose, Judge of the second judicial circuit of the

State of Tennessee, duly elected by the qualified voters thereof, and commissioned by the Governor of said State, and the Grand Jury was then and there in session under the control and supervision of the said Hon. James G. Rose, wherein and before whom it became and was material to inquire whether or not any one within the limits of the county aforesaid had been guilty of selling whiskey without first having appeared before the County Court clerk and entering into bond. and taking and subscribing to the oath, as the provisions of the act of assembly require, and the said Edward Lawson being then and there sworn by Ed. R. Hall, foreman of the said Grand Jury, under the direction and by the command of the said Judge, he, the said Ed. R. Hall, foreman as aforesaid, having lawful authority to administer oaths on the holy evangelists of Almighty God the truth to speak, the whole truth and nothing but the truth, before said Grand Jury, when, having first been sworn by Ed. R. Hall, foreman as aforesaid, the said Edward Lawson feloniously, willfully, deliberately, absolutely and corruptly swore then and there before the Grand Jury aforesaid, that he, the said Edward Lawson, had bought one pint of whiskey from one Fanny Chambers, and that he, the said Edward Lawson, had paid her, the said Fanny Chambers, fifty cents for said pint of whiskey, and which said swearing was material to the point under investigation by the said Grand Jury, and was knowingly, maliciously, feloniously, willfully, deliberately, absolutely and corruptly false, and the said Edward Lawson then and there well knew the same to

be false in point of fact when he deposed to it.   And so the said Grand Jurors aforesaid, upon their oath aforesaid, do present and say that the said Edward Lawson, on the day and year last aforesaid, in the State and county aforesaid, in the manner and form aforesaid, and by the means of the false swearing aforesaid, was guilty of felonious, willful, deliberate, malicious, absolute and corrupt perjury, to the evil example of all like offenders, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State.

And the Jurors aforesaid, upon their oath aforesaid, do further present, that Edward Lawson, on the 8th day of April, 1877, in the State and county aforesaid, feloniously, willfully, maliciously, deliberately, absolutely and corruptly swore falsely to a certain matter as follows:  A certain lawsuit or trial, wherein the State of Tennessee was plaintiff and Fanny Chambers was defendant, was pending and came on for trial, and was tried at the April term, 1877, in the Circuit Court for the county of Jefferson aforesaid, before the Hon. James G. Rose, Judge, etc., for the second judicial circuit of the State of Tennessee, duly elected by the qualified voters thereof, and commissioned by the Governor of said State, and before a jury duly elected, impanelled and sworn to try the issue in said cause, and the said lawsuit or trial was within the jurisdiction of said Circuit Court, wherein and on the trial of said cause it became and was material to enquire whether or not the said Fanny Chambers had sold for a valuable consideration any whiskey, contrary to the

provisions of the act of assembly, and the said Edward Lawson being then and there sworn, on behalf of the plaintiff in said cause, by W. P. Hoskins, clerk of said Circuit Court, under the direction and by the command of the said Judge, he, the said W. P. Hoskins, having lawful authority to administer oaths, on the holy evangelists of Almighty God, the truth to speak, the whole truth and nothing but the truth, on said trial, when having first been so sworn, the said Edward Lawson feloniously, willfully, deliberately, absolutely and corruptly swore that he, the said Edward Lawson, had got a pint of whiskey from her, the said Fanny Chambers, but that he had not paid her, the said Fanny Chambers, therefor, nor did he promise to pay her for the same, which said swearing was material to the point at issue on said trial, and was knowingly, maliciously, feloniously, willfully, deliberately, absolutely and corruptly false, and the said Edward Lawson then and there well knew the same to be false in point of fact when he deposed to it. And so the Grand Jurors aforesaid, upon their oath aforesaid, do present and say that the said Edward Lawson, on the day and year last aforesaid, in the State and county aforesaid, in the manner and form as aforesaid, and by means of the false swearing, was guilty of felonious, willful, deliberate, malicious, absolute and corrupt perjury, to the evil example of all like offenders, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State.          Jno. B. Meek,

District Attorney, *pro tem.*

Lawson *v.* State.

KING, PARK and OWENS for Lawson.

ATTORNEY GENERAL LEA for the State.

DEADERICK, C. J., delivered the opinion of the court.

Lawson was convicted of perjury and is now in the penitentiary, and has presented the record and prays for writ of error to reverse the judgment.

The indictment sufficiently sets out the court in which the alleged false oath was taken, and that defendant was sworn by an officer authorized to administer oaths, and describes the judicial proceeding in which the oath was taken and testimony given, and that the matter alleged to be false was material.

Defendant, as the indictment alleges, testified before the grand jury that he had bought a pint of whiskey of Fanny Chambers, who had no license to sell, whereupon she was presented and tried, and defendant on her trial swore he had not bought any whiskey from her, but she gave him some.

The indictment, with full and proper averments, charged and set out the oath taken before the grand jury and testimony given, and proceeds to negative the testimony in the following language: "and which said swearing was material to the point under investigation by the grand jury, and was knowingly, maliciously, feloniously, willfully, deliberately, absolutely and corruptly false, and the said Edward Lawson then and there well knew the same to be so false in point of fact when he deposed to it."

At the common law, the general averment that defendant swore falsely, would not be sufficient, it be-

ing deemed essential that the words of the false swearing should be expressly and in terms contradicted. 3 Am. Cr. L., sec. 259.    But we have statutory enactments intended to simplify and abbreviate the prolixity of the common law form of indictments.

Experience has shown how difficult it is, in the hurry of the duties of his office, for the attorney-general to avoid mistakes, especially in drawing an indictment for perjury in the common law form.    Our Code provides, sec. 5114, as to all indictments, that the facts constituting an offense, shall be charged in concise language, without prolixity or repetition.

And as to perjury, it specially provides that it is sufficient to give the substance of the controversy or matter in respect to which the offense was committed, and in what court or before whom the false oath was taken; and that the court or person before whom it was taken had authority to administer it, " with proper allegations of the falsity of the matter on which the perjury is assigned." Section 5130.

This, we think, has been all done " in ordinary and concise language," and as explicitly and intelligibly expresses a charge of perjury, as the most prolix and technical common law indictment could do.

And while we do not recommend a hasty departure from long used and approved forms, our experience satisfies us that cautious and well-considered changes which simplify, and at the same time preserve the substance of such forms, are subservient to the ends of justice.    We think, therefore, the indictment in this case is a substantially good one, containing as it does

Lawson *v.* State.

proper and distinct allegations of the falsity of the matter which is set out as constituting the false swearing.

It is argued that the evidence does not support the finding of the jury. Without discussing at length this proposition, we deem it sufficient to say, that we are satisfied with the correctness of the verdict and judgment, and the writ of error will be refused.